UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT A. P. JR.,

            Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C24-5956-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's August 28, 2024, decision finding him not disabled. Dkt 1. The ALJ found (1) degenerative disc disease, osteoarthritis, obesity, hearing loss, status post right shoulder surgical repair, depressive disorder, and trauma are severe impairments; (2) Plaintiff has the residual functional capacity (RFC) to perform light work with additional physical and environmental limitations; Plaintiff can also perform simple, routine tasks, tolerate occasional interaction with coworkers, supervisors, and the general public, requires regular work breaks at 2-hour intervals, cannot engage in tasks that require teamwork or close collaboration with coworkers, cannot perform tasks that are highly time sensitive, and can tolerate occasional changes to workplace routines and processes; and (3) Plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national economy. Tr. 17-34.

1  Plaintiff contends the Court should reverse and remand the case for an award of benefits because the ALJ's RFC determination and step five findings are based upon an erroneous evaluation of the medical evidence, his testimony, and a failure to discuss the lay witness evidence. *See* Dkt. 7. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A.   Standards - Medical Opinion Evidence

Plaintiff challenges ALJ's evaluation of numerous medical opinions. The ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017).

Supportability means the extent to which a medical source supports their medical opinion by explaining the relevant objective medical evidence. *Woods*, 32 F.4th at 791-92 (citing 20 C.F.R. § 404.1520c(c)(1)). Conclusions alone are insufficient – "an ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.""" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)).

Consistency means the extent to which the medical opinion is consistent with the evidence from the other medical and nonmedical sources in the claim. *Woods*, 32 F.4th at 792. ALJs are required to consider the totality of the record in evaluating the consistency of a medical opinion. *James T. v. Kijakazi,* 2023 WL 6207759, at *5 (E.D. Wash. Sept. 1, 2023) ("The ALJ

must consider all the relevant evidence in the record, however, and may not point to only those portions of the records that bolster [his] findings").

Plaintiff argues the ALJ erred in discounting the opinions of Dr. Elwyn Hulse, Jr., Psy.D., Dr. Michael Brown, Ph.D., Dr. Matthew C., Ph.D., regarding his mental limitations, and the opinions of Helena Albertin, ARNP, Dr. Robert Stuart, M.D., and Dr. Howard P., M.D, regarding his physical limitations. He contends the ALJ did not assess these opinions in manner which permits "meaningful review" because the ALJ relied "exclusively on a boilerplate statement," failed to "reconcile differences among "persuasive" opinions, and failed to explain how the supportability and consistency factors were applied. Dkt.7 at 10 and 14.

### 1.  Dr. Hulse, Dr. Brown, and Dr. Matthew C

Dr. Hulse examined Plaintiff in November 2022 and opined Plaintiff can learn, understand, and perform new tasks and maintain work attendance but would struggle to adapt to changes, maintain appropriate behavior, work and communicate with others. Tr. 29. Dr. Brown and Dr. Matthew C. reviewed the record and rendered opinions similar to Dr. Hulse's, excepting Dr. Hulse's opinions about Plaintiff's inability to adapt to changes, maintain appropriate behavior, work or communicate with others.

The ALJ found Dr. Hulse's opinion "partially persuasive" but found, using "boiler plate" language Plaintiff complains of, that Plaintiff's "progress notes" and "therapy progress notes" show Plaintiff is alert, cooperative, has normal speech, thought content, largely intact cognition and judgment, and appropriate affect. Tr. 29-30. The ALJ determined "these findings, and the claimant's history of difficulty interacting with others" are consistent with the ability to perform "simple routine tasks, tolerate occasional interaction with coworkers, employers and the public with breaks every 2-hours, no teamwork, or highly time sensitive work such as assembly line or

1  quota work, and work with occasional changes to routine. *Id.* at 30. The ALJ also found the

2  opinions of Drs. Brown and Matthew C. persuasive.

3  Plaintiff argues the ALJ's us of "boiler plate" language in assessing each opinion fails to

4  provide a sufficient supportability and consistency analysis, and contrary to the ALJ's findings,

5  the record shows Dr. Hulse's opinion about the additional limits the ALJ rejected is consistent

6  with Plaintiff's treatment record, the opinions or records of Tricia Robinson, PhD, and Jennifer

7  King, PhD evaluation, and Dale Smith, PhD. Dkt. 7 at 7-8.

8  The ALJ's statement "these findings and the claimant's history of difficulty interacting

9  with others" makes clear the ALJ discounted Dr. Hulse's opinion as inconsistent with Plaintiff's

10 the treatment record, and other evidence of record. The Commissioner says as much in arguing

11 the ALJ correctly assessed Dr. Hulse's opinion based upon Plaintiff's treatment record. Dkt. 11

12 at 14. The Court thus finds the ALJ's use of "boiler plate" language is alone insufficient

13 grounds to find reversible error. However, the ALJ's finding the record is inconsistent with and

14 grounds to reject some of Dr. Hulse's opinion is not supported by substantial evidence and thus

15 erroneous. This error is harmful because the ALJ made no findings regarding the supportability

16 of Dr. Hulse's opinions, that would independently support the ALJ's assessment of the opinion.

17 Both the ALJ and Commissioner focus on treatment records showing Plaintiff has normal

18 appearance, affect, thought content, cognition, orientation, memory and fund of knowledge.

19 However, Dr. Hulse did not opine these factors limited Plaintiff. In fact, the doctor also found

20 Plaintiff fell largely within normal parameters regarding these aspects of his functioning. Dr.

21 Hulse diagnosed Plaintiff with PTSD, and bipolar disorder and noted Plaintiff was fired from

22 his last job due to outbursts and his verbal abusiveness; Plaintiff has a past history of suicide

23 attempts and self-isolates; and Plaintiff has rigid adherence to his beliefs and what he should do

in any given situation. The doctor concluded that Plaintiff cannot complete a workday outside of solitary work, will struggle to maintain appropriate behavior in a work setting, and that his ability to adapt is "very very limited."

The treatment records upon which the ALJ relies do not contradict Dr. Hulse's opinion regarding these limitations which flow from his PTSD and bipolar disorder. The record shows Dr. Tricia Robinson, Psy.D.,[1] examined Plaintiff and found he was combative initially, with a depressed mood and affect and poor insight. Tr. 606. Plaintiff's April 2024 records indicate Plaintiff told his therapist he was "angry and bitter for no reason" and experiencing continued depression and frequent nightmares. Tr. 831-32, 843. Hence it cannot reasonably be said Plaintiff's treatment record is inconsistent with Dr. Hulse's opinions. "ALJs may not cherry-pick from mixed results to support a denial of benefits, especially in the context of mental illnesses which may exhibit fluctuations in symptoms such that any single notation that a patient is feeling better or has had a good day does not imply that the condition has been treated." *Leah K. v. Comm'r of Soc. Sec.*, 616 F. Supp. 3d 1099, 1107 (D. Or. 2022) (internal citations omitted) (internal quotation marks omitted).

In sum, the Court finds the ALJ's determination to discount Dr. Hulse's opinion as not consistent with the treatment record is not supported by substantial evidence and accordingly erroneous. The ALJ made no supportability findings and thus supportability is not a basis to uphold the ALJ's determination.

As substantial evidence does not support the ALJ's determination to reject portions of the Dr. Hulse's opinion, the ALJ similarly erred in giving weight to the opinions of Drs Brown and

---

[1] Although the ALJ provides the same analysis for Dr. Robinson's opinion as he does for the others, the plaintiff has not challenged the ALJ's evaluation of Dr. Robinson's opinion.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 5

Matthew C based upon a finding that their opinions are consistent with the treatment record. The Court further finds the ALJ's error are harmful as the RFC determination and step five findings fail to assess all of Plaintiff's limitations. *See Garrison v. Colvin,* 759 F.3d 995, 1018 (9th Cir. 2014) (failure to account for all limitations calls for reversal and remand).

The Court also notes the ALJ erroneously failed to find post-traumatic stress disorder (PTSD is a severe impairment. Dkt. 7 at 5. As the case must be remanded to reassess the mental health opinions, which include a diagnosis of PTSD, the ALJ on remand should consider whether PTSD is a severe impairment in assessing disability.

### 2.  *Helena Albertin, ARNP*

The ALJ noted ARNP Albertin examined Plaintiff in October 2022 and opined he can lift/carry 20 pounds occasionally and 10 pounds frequently, can walk/stand for four hours with frequent breaks, can sit up to 4 hours; cannot climb, kneel or crawl, and has hazard and environmental limitations. Tr. 29. The ALJ found the postural and environmental persuasive, but the exertional limitations unpersuasive based upon Plaintiff's examination findings showing severe lumbar degenerative changes, mild to moderate osteoarthritis to the should and right knee, normal strength, mainly normal gait. *Id.* The ALJ determined "these findings and a lack of regular or persistent treatment regarding muscular skeletal conditions are consistent with and support that the claimant is capable of light exertional work." *Id.*

Plaintiff correctly contends the ALJ erred. ARNP Albertin opined Plaintiff was limited to 4 hours of standing/walking due to right knee Osgood-Schlatter's disease and bulging discs in the lower back. Tr. 551. There is no dispute Plaintiff suffers from these conditions which tend to support rather than contradict ARNP Albertin's opinion that Plaintiff is limited to standing/walking for 4 hours instead of the 6 hours that light work involves. *See Guillermina R.*

*v. Kijakazi*, 2021 WL 6116636 at * 1 (9th Cir., Dec. 21, 2021) ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).").

The Court also notes, the ALJ found Plaintiff's examinations generally showed normal range of motion in all major joints, citing to four pages in the record. Tr. 28-30 (citing Tr. 549-51, 668-70). But the pages of the record to which the ALJ cites indicate Plaintiff's range of motion was limited in his neck, back, right shoulder, and right knee at his examination with ARNP Albertin in 2022 and he had limited range of motion in his cervical, thoracic, and lumbosacral spine at a chiropractic consultation in 2023. Tr. 549-51, 668-70. These records thus do not support the ALJ's finding.

The Court accordingly finds substantial evidence does not support a finding the record is inconsistent with ARNP Albertin's opinions. Further the ALJ's finding that a "lack of regular or persistent treatment regarding musculoskeletal conditions" support an RFC of full light work is not supported by substantial evidence. There is no indication that additional regular treatment was or is available to address Plaintiff's musculoskeletal conditions and thus no basis to discount ARNP Albertin's opinions on this basis.

       3.     **Drs. Stuart and Howard P.**

The ALJ gave weight to the opinions of reviewing doctors Stuart and Howard P. using the same summary of the record and rationale applied to ARNP Albertin's opinion. As noted above, the ALJ's evaluation of the opinions of Drs Stuart and Howard P. is erroneous because it also relies upon the same inaccurate determination the record shows "normal range of motion"

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 7

and the lack of regular or persistent treatment of Plaintiff's musculoskeletal conditions where there is no finding or evidence that additional treatment was or is available.

**B.      Testimony of Plaintiff and Lay Witness**

The ALJ discounted Plaintiff's testimony as inconsistent with the medical record. As this finding is intertwined with the ALJ's erroneous finding the medical record is inconsistent with the medical opinions, the ALJ erred. The ALJ also found Plaintiff's activities such as his ability to live with his wife, walk his dog, hunt with a best friend and travel with his family to New York was inconsistent with his claimed limitations. The Court finds these activities are not transferrable work skills and also do not undercut Plaintiff's claims that he leads a largely isolated life due to challenges interacting with other and his angry outbursts. These activities show Plaintiff can function around his immediate family or around a best friend, but do not contradict his testimony about his inability to get along with others in the workplace or his angry outbursts.

The ALJ gave no explanation for his assessment of the lay testimony of Plaintiff's wife but assuming the ALJ discounted her testimony for the reasons he discounted Plaintiff's testimony, the ALJ similarly erred. The ALJ accordingly shall reassess Plaintiff's and his wife's testimony on remand along with the reassessment of the medical evidence above.

**C.      Scope of Remand**

Plaintiff requests the Court remand for an award of benefits. Remand for benefits should be ordered only if the Court finds further proceedings are unnecessary, the record is complete and requires no further assessment, and every reasonable fact finder would find the claimant disabled. Here, Plaintiff argues the ALJ failed to make proper consistency or supportability findings, and the record does not support the ALJ's determinations. Both the medical evidence

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 8

1  and the testimony of Plaintiff and his wife must thus be reassessed, which are tasks reserved to
2  the Commissioner and which the Court accordingly declines to undertake in the first instance on
3  review. The Court concludes further administrative proceedings are both necessary and
4  appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the medical opinions of Dr. Elwyn Hulse, Jr., Psy.D., Dr. Michael Brown, Ph.D., Dr. Matthew C., Ph.D., Helena Albertin, ARNP, Dr. Robert Stuart, M.D., and Dr. Howard P., M.D. The ALJ shall also reassess the testimony of Plaintiff and his wife, develop the record and redetermine the RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 9th day of May 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge